COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






NUMBER 13-06-060-CV 


 

TEXAS MUTUAL INSURANCE COMPANY 

AND DIANE THIELE, Appellants,

v.




DENISE GUZMAN AND TITO MARINES, 

INDIVIDUALLY AND ON BEHALF OF THE 

ESTATE OF DAVID MARINES, DECEASED, Appellees.





On appeal from the County Court at Law No. 3


of Cameron County, Texas.






NUMBER 13-06-118-CV 



IN RE: TEXAS MUTUAL INSURANCE COMPANY AND DIANE THIELE






On Petition for Writ of Mandamus






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Memorandum Opinion by Justice Castillo



 This original proceeding and interlocutory appeal stem from an underlying action
filed to prevent Texas Mutual Insurance Company from paying workers' compensation
benefits to Denise Guzman and Tito Marines, the survivor of David Marines. (1) After
Texas Mutual received notice of injuries to Guzman and the death of Marines, it
commenced workers' compensation proceedings. See generally Tex. Lab. Code Ann.
§§ 401.001, et. seq. (Vernon 2006). Guzman and Marines's survivor filed suit and
sought injunctive relief, ostensibly to protect their rights to pursue other remedies and
preclude a finding that they elected benefits under the workers' compensation statute. 
See id. Texas Mutual filed a plea to the jurisdiction asserting that the Workers'
Compensation Division of the Texas Department of Insurance maintained exclusive
jurisdiction of the question squarely before the trial court, namely, entitlement to
workers' compensation benefits. The trial court denied the plea and, finding that
Guzman and the Marines estate were "likely to prevail" on the claim that they were
independent contractors, the trial court entered an injunction stopping workers'
compensation benefits. (2) 

 Since the inception of appellate proceedings, Guzman and Marines requested,
and were granted, a non-suit. See Tex. R. Civ. P. 162. Thus, we dismiss. See Tex.
R. App. P. 43.2(f). (3) 

 

 ERRLINDA CASTILLO

 Justice


Memorandum Opinion delivered and 

filed this 17th day of August, 2006. 



1. An accident occurred in Colorado County while Guzman and Marines picked up trash along the
highway and were struck by a car. At issue before the trial court was whether, at the time of the
accident, Guzman and Marines, the decedent, were independent contractors and not employees subject
to the workers' compensation framework.
2. The trial court order reads, in part:


 [I]f the commission of these acts [payment of benefits] is not restrained immediately,
Plaintiffs will suffer irreparable injury because they may be placed in the position of
having made an election of remedies and/or subject to the exclusive remedy provision
of the Texas Labor Code § 408.001, even though Plaintiffs contend that Denise Guzman
and David Marines were not employees and are not entitled to receive workers'
compensation benefits. It is further clear from the above-mentioned evidence the
Plaintiffs are likely to prevail on these issues in future administrative and/or court
proceedings.
3. We also dismiss the following motions. In appeal number 13-06-060-CV, we dismiss the
motion to consolidate appeal and mandamus and motion for costs. In appeal number 13-06-118-CV,
we dismiss relator's unopposed motion to consolidate appeal and mandamus and relator's motion for
stay of underlying proceeding.